J-S07041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ABIDIK QUESADA GONZALEZ, | : | |
| | : | |
| Appellant | : | No. 717 MDA 2016 |

Appeal from the PCRA Order April 7, 2016
in the Court of Common Pleas of York County,
Criminal Division, No(s):  CP-67-CR-0005872-2010

BEFORE:  BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 28, 2017**

Abidik Quesada Gonzalez ("Gonzalez") appeals from the Order denying his first Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In a prior appeal, this Court summarized the history underlying the instant appeal as follows:

> Several weeks prior to the stabbing that gave rise to this case, [Gonzalez] gave the complainant a white substance[, which] the complainant believed[,] could be used as a cutting agent for cocaine.  A few days later, police searched the residence where the complainant was staying and, though they found no cocaine, [they] apparently seized drug paraphernalia.  Police later made a comment of some type leading the complainant to believe [that Gonzalez] had advised police [that] the complainant had drugs and/or drug paraphernalia.
>
> At some point after his arrest and eventual release, the complainant was present with several other people at the residence of one of his friends.  The complainant was outside [of] the home.  [Gonzalez] arrived in a vehicle.  The complainant

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

approached the vehicle, intending to confront [Gonzalez] about the police having searched the complainant's residence.

[Gonzalez] ignored the complainant as the complainant tried to talk to him. A trial witness indicated [that Gonzalez] then exited his vehicle and "went towards the complainant." N.T., 11/01/11, at 121. The witness similarly testified [that Gonzalez] went "after [the complainant] and [the complainant] fell on the floor." *Id.* Testimony clarified that, when using the phrase "the floor," the witness meant the surface of a parking lot.

While the complainant lay on the ground, [Gonzalez] held him and stabbed him repeatedly. The complainant sustained multiple stab wounds, including two wounds to the chest. He suffered collapsed lungs and needed to have chest tubes inserted. Medical testimony indicated [that] the complainant's injuries were life threatening, though he did survive.

The foregoing incident occurred in June 2010. By August 2010, [Gonzalez] had been arrested and faced multiple criminal charges….

*Commonwealth v. Gonzalez*, 63 A.3d 823 (Pa. Super. 2012) (unpublished memorandum at 1-2).

Following a jury trial, Gonzalez was found guilty of aggravated assault (attempting to cause or causing serious bodily injury), 18 Pa.C.S.A. § 2702(a)(1). The trial court thereafter sentenced Gonzalez to 7½ to 15 years in prison. On November 8, 2012, this Court affirmed Gonzalez's judgment of sentence. *Gonzalez*, 63 A.3d 823. Gonzalez did not petition for allowance of appeal to the Pennsylvania Supreme Court.

In December 2012, Gonzalez timely filed the *pro se* PCRA Petition underlying this appeal. On December 12, 2013, the PCRA court appointed counsel to represent Gonzalez, who subsequently filed an Amended PCRA

Petition. The PCRA court conducted an evidentiary hearing on September 26, 2014. While his first PCRA Petition was pending, Gonzalez filed additional *pro se* PCRA Petitions alleging ineffective assistance of PCRA counsel. On April 7, 2016, the PCRA court denied Gonzalez's first PCRA Petition. PCRA Court Order, 4/7/16. Gonzalez filed a timely appeal of the PCRA court's Order. On April 22, 2016, the PCRA court entered an Order denying Gonzalez's subsequent *pro se* PCRA Petitions as untimely filed. PCRA Court Order, 4/22/16, at 1.

On appeal,[2] Gonzalez challenges the denial of his first PCRA Petition, presenting the following claim for our review: "Whether trial counsel was ineffective for failing to call [Gonzalez] as a witness?" Brief for Appellant at 4. Gonzalez asserts that

> [i]n a case where virtually the only issue is the credibility of the Commonwealth's witnesses versus that of Gonzalez, [the] failure to explore all alternatives available to assure that the jury heard the testimony of a known witness[,] who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness[,] is ineffective assistance of counsel.

*Id.* at 18 (citation omitted). Gonzalez contends that in order to consider the subjective aspects of his justification defense, the jury "needed to have two competing stories to weigh and determine which is more credible." *Id.* at 21. According to Gonzalez, it was not reasonable for counsel to believe that Gonzalez's justification defense was likely to succeed, where the Commonwealth's witnesses had disputed that justification. *Id.* Gonzalez

---

[2] Gonzalez is represented by counsel on appeal.

argues that, "if the jury believed the version of events presented by Commonwealth witness Jeffrey Rios ("Rios"), *i.e.*, that only Rios had approached Gonzalez's vehicle, "and not a crowd of people loyal to Rios— then there was simply no justification for Gonzalez to have left the safety of the vehicle to confront Rios." **Id.** at 22. Gonzalez posits that if the jury had believed his version of the events, as he testified to at the PCRA hearing, the jury could have found that it was "arguably reasonable" for Gonzalez to leave his vehicle "in order to keep Rios and his friends from removing both him and [Denise] Hostetter from the car. They were surrounded and could not retreat in complete safety." **Id.** Gonzalez further challenges trial counsel's failure, during cross-examination of the Commonwealth's witnesses, to elicit evidence "about [the] size and strength of the parties, [the] disparity in numbers, and threatening or menacing actions by Rios at the time of the incident." **Id.** at 23. Gonzalez contends that such evidence would have made his justification defense "self-explanatory." **Id.** at 23-24.

Gonzalez additionally argues that his counsel was unreasonably concerned about Gonzalez's prior conviction for a *crimen falsi* offense, where Rios also had prior *crimen falsi* convictions. **Id.** at 24. Finally, Gonzalez claims that his counsel rendered ineffective assistance by failing to explain the viability of Gonzalez's defense at the time he made the decision not to testify on his own behalf. **Id.** at 25.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Montalvo***, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

In its Opinion, the PCRA court set forth the relevant law, addressed Gonzalez's claim and concluded that it lacks merit. PCRA Court Opinion, 4/7/16, at 2-8. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on the basis of the PCRA court's Opinion with regard to this claim. ***See id.***

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017